UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CASE NO.:

Frances Morrobel
and other similarly situated individuals,

     Plaintiff(s),

v.

Gilbane Federal Company
a/k/a Innovative Technical Solutions, Inc.
d/b/a Gilbane Building Company

     Defendant,

_____/

## COLLECTIVE ACTION COMPLAINT
(OPT-IN PURSUANT TO 29 USC § 216(b))

     Comes now the Plaintiff Frances Morrobel, and other similarly situated individuals, by and through the undersigned counsel, and hereby sue Defendant Gilbane Federal Company a/k/a Innovative Technical Solutions, Inc. d/b/a Gilbane Building Company,  and alleges:

Jurisdiction Venues and Parties

1.  This is an action to recover money damages for unpaid half-time overtime wages under the United States laws. This Court has jurisdiction pursuant to the

Fair Labor Standards Act, 29 USC § 201-219 (Section 216 for jurisdictional placement) ("the Act").

2.  Plaintiff Frances Morrobel is a resident of Jacksonville, Duval County, Florida. Plaintiff is a covered employee for purposes of the Act.

3.  Defendant Gilbane Federal Company a/k/a Innovative Technical Solutions, Inc. d/b/a Gilbane Building Company (from now on, Gilbane Building Company, or Defendant) is a foreign limited liability company registered to perform business in Florida. Defendant has a place of business in Jacksonville, Duval County, Florida, where Plaintiff worked for Defendant.

4.  At all times material, Defendant was and is engaged in interstate commerce, and it was the employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 USC § 203(d)].

5.  All the actions raised in this complaint took place in Duval County, Florida, within this Court's jurisdiction.

<u>General Allegations</u>

6.  This cause of action is brought by Plaintiff Frances Morrobel as a collective action to recover from Defendant overtime compensation, liquidated damages, costs, and reasonable attorney's fees under the provisions of the Fair Labor Standards Act, as amended, 29 USC § 201 *et seq* (the "FLA or the "ACT") on behalf of Plaintiff and all other current and former employees similarly situated

to Plaintiff ("the asserted class") and who worked more than forty (40) hours during one or more weeks on or after August 3, 2022, (the "material time") without being adequately compensated.

7. Defendant Gilbane Building Company is a building general contractor and facility management services firm.  Defendant has multiple office locations around the world and in the United States of America.

8. Plaintiff worked at the facilities located 10201 Centurion  Pkwy N Suite 500, Jacksonville, Florida 32216.

9. Defendant Gilbane Building Company employed Plaintiff Frances Morrobel as a non-exempted, full-time, salaried employee from approximately March 26, 2018, to February 14, 2022, or more than Three years plus Ten months. However, for FLSA purposes, Plaintiff's relevant period of employment is 123 weeks (Plaintiff took an FMLA leave of nine weeks)

10. Plaintiff had duties as an estimator preparing data, compiling and recording actual costs to assist in the creation of estimates and quotations for construction projects and other services. Plaintiff worked under the supervision of the executive estimator Mr. Buck Dean.

11. Plaintiff was paid a salary of approximately $83,500.00 annually, or $1,605.77 weekly.

12. While employed by Defendant, Plaintiff had a regular schedule, and she worked five days per week. From Monday to Friday, Plaintiff worked at the office from 7:30 AM to 4:30 PM (9 hours each day), or 45 hours weekly.  Plaintiff did not take bonafide lunch hours.

13. At home Plaintiff worked from Monday to Sunday a minimum of 3 hours daily, or 21 hours weekly. Plaintiff worked on completing requests for quotations for materials, equipment, supplies, and related services. Plaintiff worked at home 21 hours weekly.

14. These hours constitute 21 off-the-clock overtime hours that never were paid at any rate, not even at the minimum wage rate.

15. Plaintiff worked a total of 66 hours weekly, but she was not paid for overtime hours as established by law.

16. Plaintiff clocked in and out, but she was authorized to report only 40 hours weekly. Defendant instructed Plaintiff to report only 40 hours weekly, but Plaintiff's superiors demanded her to work off-the-clock hours. Defendant knew about the total number of hours worked by Plaintiff.

17. Therefore, Defendant willfully failed to pay Plaintiff overtime hours at the rate of time and one-half her regular rate for every hour that she worked over forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 USC 207(a)(1).

18. Plaintiff was paid bi-weekly with checks and paystubs that did not show the actual number of hours worked.

19. On or about February 11, 2022 Plaintiff was forced to resign from her position due to discriminatory reasons.

20. Plaintiff Frances Morrobel intends to recover half-time overtime, for every hour worked over 40 weekly, during her entire relevant period of employment with Defendant, liquidated damages, and any other relief as allowable by law.

<u>Collective Action Allegations</u>

21. Plaintiff brings this action pursuant to the Fair Labor Standards Act, 29 USC §§201, *et seq.* ("the Act"). Section 216 (b) for jurisdictional placement).

22. Plaintiff contends that Defendant, in this case, violated the Fair Labor Standards Act by failing to pay Plaintiff and other similarly situated individuals the proper compensation for overtime hours worked at the rate of time and one-half her regular rate.

23. This action is intended to include any estimator and similarly situated individuals who worked for Defendant at any time during the past three (3) years.

**<u>COUNT I:</u>**
**<u>WAGE AND HOUR FEDERAL STATUTORY VIOLATION;</u>**
**<u>FAILURE TO PAY OVERTIME</u>**

24. Plaintiff Frances Morrobel re-adopts every factual allegation stated in paragraphs 1-23 above as if set out in full herein.

25. Defendant Gilbane Building Company was and is engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 USC § 203(r) and 203(s)(1)(A). Defendant is a construction company and had more than two employees recurrently engaged in commerce or the production of goods for commerce by regularly and recurrently using the instrumentalities of interstate commerce to accept and solicit funds from non-Florida sources; by using electronic devices to authorize credit card transactions by ordering products and supplies produced out of State. Upon information and belief, the annual gross revenue of the Employer/Defendant was always more than $500,000 per annum. Therefore, there is FLSA enterprise coverage.

26. Plaintiff and those similarly situated were employed by an enterprise engaged in interstate commerce. Plaintiff was an estimator requesting products and services across interstate lines.  Therefore, there is individual coverage.

27. Defendant Gilbane Building Company employed Plaintiff Frances Morrobel as a non-exempted, full-time, salaried employee from approximately March 26, 2018, to February 14, 2022, or more than Three years plus Ten months. However, for FLSA purposes, Plaintiff's relevant period of employment is 123 weeks (Plaintiff took an FMLA leave of nine weeks)

28. Plaintiff had duties as an estimator preparing data, compiling and recording actual costs to assist in the creation of estimates and quotations for construction projects and other services. Plaintiff worked under the supervision of the executive estimator Mr. Buck Dean.

29. Plaintiff was paid a salary of approximately $83,500.00 annually, or $1,605.77 weekly.

30. While employed by Defendant, Plaintiff had a regular schedule, and she worked five days per week.  From Monday to Friday, Plaintiff worked at the office 45 hours weekly.  Plaintiff did not take bonafide lunch hours.

31. At home Plaintiff worked from Monday to Sunday a minimum of 3 hours daily, or 21 hours weekly. Plaintiff worked on completing requests for quotations for materials, equipment, supplies, and related services. Plaintiff worked at home 21 hours weekly.

32. These hours constitute 21 off-the-clock overtime hours that never were paid at any rate, not even at the minimum wage rate.

33. Plaintiff worked a total of 66 hours weekly. However, she was not paid for overtime hours as established by law.

34. Plaintiff clocked in and out, but she was authorized to report only 40 hours weekly. Defendant instructed Plaintiff to report only 40 hours weekly but

Plaintiff's superiors demanded her to work many off-the-clock hours. Defendant knew about the total number of hours worked by Plaintiff.

35. Therefore, Defendant willfully failed to pay Plaintiff overtime hours at the rate of time and one-half her regular rate for every hour that she worked over forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 USC 207(a)(1).

36. Plaintiff was paid bi-weekly with checks and paystubs that did not show the actual number of hours worked.

37. Therefore, Defendant willfully failed to pay Plaintiff overtime hours at the rate of time and one-half her regular rate for every hour that they worked over forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 USC 207(a)(1).

38. Plaintiff was paid bi-weekly with checks and paystubs that did not show the actual number of hours worked.

39. The records, if any, concerning the number of hours worked by Plaintiff and those similarly situated, and the compensation paid to such employees should be in the possession and custody of Defendant. However, Defendant did not maintain accurate time records of hours worked by Plaintiff and other employees upon information and belief. Defendant violated the record-keeping requirements of FLSA, 29 CFR Part 516.

40. Plaintiff is not in possession of time and payment records, but she will provide a reasonable good faith estimate based on her recollections and the best of her knowledge. After discovery, Plaintiff will amend her statement of claim accordingly.

a. Total amount of alleged unpaid O/T wages:

Thirty-Eight Thousand Nine Hundred Nineteen Dollars and 66/100 ($38,919.66)

b. Calculation of such wages:

Total period of employment: more than 3 years
Relevant weeks of employment:  123 weeks
Total hours worked:  66 hours weekly
Total O/T hours worked: 26 O/T hours
Salary: $1,605.77: 66 hours worked=$24.33
Reg. rate: $24.33 x 1.5=$36.50 O/T rate-$24.33 O/T rate paid=$12.17
Half-time O/T: $12.17

$12.17 x 26 O/T hours= $316.42 weekly x  123 weeks= $38,919.66

c. Nature of wages (e.g., overtime or straight time):

This amount represents unpaid half-time overtime wages.

41. At all times material hereto, the Employer/Defendant failed to comply with Title 29 USC §207 (a) (1). In that, Plaintiff and those similarly situated performed services and worked more than the maximum hours provided by the Act. Still, Defendant made no provision to properly pay them at the rate of time and one-half for all hours worked over forty hours (40) per workweek as provided in said Act.

42. Defendant knew and showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act and remains owing Plaintiff and those similarly situated these overtime wages since the commencement of Plaintiff's employment with Defendant as set forth above, and Plaintiff and those similarly situated are entitled to recover double damages.

43. Defendant Gilbane Building Company willfully and intentionally refused to pay Plaintiff overtime wages at the rate of time and one-half her regular rate, as required by the law of the United States, and remains owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with Defendant as set forth above.

44. Plaintiff has retained the law offices of the undersigned attorney to represent her in this action and is obligated to pay a reasonable attorney's fee.

<u>Prayer for Relief</u>

Wherefore, Plaintiff Frances Morrobel and those similarly situated respectfully request that this Honorable Court:

A. Enter judgment for Plaintiff Frances Morrobel and other similarly situated individuals and against Defendant Gilbane Building Company based on Defendant's willful violations of the Fair Labor Standards Act, 29 USC § 201 et seq.; and

B.  Award Plaintiff Frances Morrobel actual damages in the amount shown to be due for unpaid overtime compensation for hours worked in excess of forty weekly, with interest; and

C.  Award Plaintiff an equal amount in double damages/liquidated damages; and

D.  Award Plaintiff reasonable attorney's fees and costs of suit; and

E.  Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

<u>Demand for a Jury Trial</u>

Plaintiff Frances Morrobel demands a trial by a jury of all issues triable as of right by a jury.

Dated:  August 15, 2022

Respectfully submitted,

By: **_/s/ Zandro E. Palma_**
ZANDRO E. PALMA, P.A.
Florida Bar No.: 0024031
9100 S. Dadeland Blvd.
Suite 1500
Miami, FL 33156
Telephone: (305) 446-1500
Facsimile: (305) 446-1502
zep@thepalmalawgroup.com
*Attorney for Plaintiff*